IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONCEY FRANK BOYKIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:16-cv-8081-LSC |
| | ) | (2:00-cr-188-LSC-JEO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OF OPINION

Doncey Frank Boykin ("Boykin") has filed with the Clerk of this Court a motion to vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The United States opposes the motion. For the following reasons, the motion is due to be denied.

## I.    Background

In 2000, Boykin was convicted by a jury of a felon-in-possession-of-a-firearm count under 18 U.S.C. § 922(g)(1). This Court sentenced him to 235 months' imprisonment. Boykin appealed, and the Eleventh Circuit affirmed his sentence. *United States v. Boykin*, 273 F.3d 1120 (11th Cir. 2001) (Table). In the years that followed, Boykin filed several § 2255 motions that were each denied. However, on

May 27, 2016, the Eleventh Circuit authorized Boykin to file a second-or-successive motion under 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A) with respect to his claim that his sentence is invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). *See Boykin v. United States*, No. 16-12188 (11th Cir.). The instant motion followed.

## II.    Discussion

Boykin was sentenced under the mandatory-minimum provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), which provides enhanced penalties for defendants previously convicted of three or more "violent felonies," defined as offenses that either: (1) have as an element "the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i) (known as the "elements clause"); (2) constitute "burglary, arson, or extortion, or involve[ ] the use of explosives," *id.* § 924(e)(2)(B)(ii) (known as the "enumerated offenses clause"); or (3) "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another," *id.* (known as the "residual clause"). Boykin qualified for the ACCA on the basis of three prior Alabama felony convictions: one for first-degree assault and two for second-degree robbery. For each of these three felonies, Boykin's Presentence Investigative Report ("PSR") specified that it constituted a violent

felony under the ACCA because it has "as an element the use, attempted use, or threatened use of physical force against the person of another, or [] otherwise involves conduct that presents a seriously potential risk of physical injury to another." (Doc. 20 at ¶¶ 24, 35, 36.) In other words, the PSR referenced both the "elements clause" and the "residual clause" of the ACCA for each of these offenses.

In *Johnson*, the Supreme Court held that the residual clause of the violent felony definition in the ACCA is unconstitutionally vague and thus imposition of an enhanced sentence under that provision violates the Fifth Amendment's guarantee of due process. 135 S. Ct. at 2557. The Supreme Court made clear that its ruling on the residual clause did not call into question the validity of the elements clause or the enumerated crimes clause of the ACCA's definition of a violent felony. *Id.* at 2563. Subsequently in *Welch*, 136 S. Ct. at 1264-65, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

In granting Boykin's request to file a second or successive motion, the Eleventh Circuit cautioned that although it was holding that Boykin had made a prima facie showing that his claim satisfied the requirements to file such a motion,[1]

---

[1] Section 2255(h) provides that a "second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have

his sentence "may remain valid in light of the statute's other definitions of 'violent felony.'" *See Boykin*, No. 16-12188. Indeed, the Eleventh Circuit made clear that its ruling did not bind this Court and this Court was to conduct a *de novo* review. This is in keeping with Eleventh Circuit precedent stating:

> [A]fter we have granted an order under § 2244(b)(3)(A) authorizing a district court to consider a second or successive petition, the district court. . . must[] determine for itself whether [the § 2244(b)(2)] requirements are met. The statute instructs the court to do so. It provides that: "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." § 2244(b)(4).

*Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357 (11th Cir. 2007)[2]. *See also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that the court of appeals' threshold conclusion in granting a successive application that a prima facie showing has been made is necessarily a "limited determination," as the district court then

---

found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). In turn, 28 U.S.C. § 2244(b)(3)(C) provides that a court of appeals may authorize the filing of a second or successive petition only if it determines "that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). Section 2244(b)(2)(A) provides that one of the ways in which a petitioner may avoid dismissal of a second or successive petition is to "show[] that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable . . ." 28 U.S.C. § 2244(b)(2)(A). In this case, the Eleventh Circuit ruled that due to the holdings of *Johnson* and *Welch* and the fact that Boykin was subject to the sentencing enhancements of the ACCA, he made out a prima facie showing that his claim contained a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.

[2]    *Jordan* involved the functionally equivalent § 2244(b)(2) successive application standard applicable to state prisoners.

must also decide "fresh" the issue of whether § 2255(h)'s[3] criteria are met, and, if so, proceed to considering the merits of the § 2255 motion); *In re Moore*, 830 F.3d 1268, 1270-71 (11th Cir. 2016) (stating that the court of appeals' certification is only a "threshold determination" and "does not conclusively resolve" whether the petitioner's § 2255 motion satisfies the requirements of § 2255(h)(2)).

Thus, it is clear that this Court must first decide whether Boykin has met the requirements for filing a second or successive petition under 28 U.S.C. §§ 2255(h) and 2244(b)(2), giving no deference to the Eleventh Circuit's prima facie decision, and only if the Court finds that he has, the Court may then proceed to consider the merits of Boykin's motion. *See Faust v. United States*, 572 F. App'x 941, 943 (11th Cir. 2014) (unpublished) ("Only if the district court . . . concludes that the movant 'has established the statutory requirements for filing a second or successive motion' should it 'proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise.'") (quoting *Moss*, 703 F.3d at 1303).

Boykin's motion fails because his assault and robbery offenses remain violent felonies after *Johnson*, in which the Supreme Court invalidated the ACCA's

---

[3]    Courts often refer to 28 U.S.C. §§ 2255(h), which is applicable to federal prisoners, and 2244(b)(2), which is applicable to state prisoners, interchangeably, because the latter cross-references the former. *See* 28 U.S.C. § 2255(h).

residual clause, because they fall under the ACCA's elements clause, which *Johnson* left untouched.

For an offense to fall under the ACCA's elements clause, it must have an element of "violent force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). Under *Curtis Johnson*, actual pain or injury, therefore, is not required. *Cf.* 18 U.S.C. § 924(e)(2)(B)(i) (elements clause applies to attempted and threatened uses of force). While the force involved must be more than "the merest touch," "a slap in the face" would be sufficiently violent. *Curtis Johnson*, 559 U.S. at 143.

### A.     Boykin's Alabama First-Degree Assault Offense

Alabama provides several definitions of first-degree assault:

(1)     With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument; or

(2)     With intent to disfigure another person seriously and permanently, or to destroy, amputate, or disable permanently a member or organ of the body of another person, he or she causes such an injury to any person; or

(3)     Under circumstances manifesting extreme indifference to the value of human life, he or she recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to any person; or

(4)     In the course of and in furtherance of the commission or attempted commission of arson in the first degree, burglary in

the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree, or any other felony clearly dangerous to human life, or of immediate flight therefrom, he or she causes a serious physical injury to another person; or

(5)     While driving under the influence of alcohol or a controlled substance or any combination thereof in violation of Section 32-5A-191 or 32-5A-191.3, he or she causes serious physical injury to the person of another with a vehicle or vessel.

Ala. Code § 13A-6-20(a). Boykin's PSR specifies that he was convicted for stabbing the victim in the back and the knee with a knife. (Doc. 20 at ¶ 24 (sealed).) In this proceeding, Boykin does not contest the accuracy of the PSR's description of the facts of his offense. Therefore, this Court may conclude that Boykin was convicted under Ala. Code § 13(A)-6-20(a)(1). *See, e.g., In re Hires*, 825 F.3d 1297, 1302 (11th Cir. 2016) (using the petitioner's PSR's factual basis, which was undisputed by the petitioner, to conclude that the petitioner committed a prior violent felony for ACCA purposes).

A defendant who intentionally "causes serious physical injury to any person by means of a deadly weapon or dangerous instrument," Ala. Code § 13A-6-20(a)(1), necessarily uses force "capable of causing physical . . . injury to another person," *Curtis Johnson*, 559 U.S. at 140. *See United States v. Anderson*, 442 F. App'x 537, 540 (11th Cir. 2011) (per curiam) (unpublished) (holding that the less

severe offense of Alabama second-degree assault, requiring the defendant to intentionally cause "physical injury to any person by means of a deadly weapon or dangerous instrument," is an ACCA elements clause offense). *Cf. United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) ("we find it inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force"). Therefore, Boykin's Alabama first-degree assault offense is a violent felony under the elements clause of the ACCA, regardless of whether it also would fall under the ACCA's now-void residual clause.

### B.     Boykin's Two Alabama Second-Degree Robbery Offenses

Alabama second-degree robbery is an enhanced version of Alabama third-degree robbery. Alabama third-degree robbery requires (1) commission of a theft (2) during which the perpetrator (a) "uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance" or (b) "threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property." Ala. Code § 13A-8-43(a). Second-degree robbery further requires that the defendant be aided by another person actually present. *Id.* § 13A-8-42(a).

All forms of Alabama robbery are categorically "elements clause" offenses under the ACCA. The Alabama robbery statute is substantially similar to the Florida robbery statute, which the Eleventh Circuit has found to involve the "use of force" under *Curtis Johnson*. Florida robbery is a theft "in the course of [which] there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). State jury instructions clarify that force or threat must "overcome" or prevent the victim's resistance. Fla. Std. Jury Instr. (Crim.) 15.1. In *Lockley*, the Eleventh Circuit held that the Florida statute fell under the virtually identical elements clause of U.S.S.G. § 4B1.2. 632 F.3d at 1245. The Eleventh Circuit applied the pure categorical approach, "disregard[ing] the facts of the underlying conviction and look[ing] only to the elements of [the] prior conviction." *Id.* at 1240. In *United States v. Fritts*, the Eleventh Circuit relied on *Lockley*'s reasoning in affirming a holding that Florida armed robbery is a violent felony under the ACCA. 841 F.3d 937, 942-43 (11th Cir. 2016). In doing so, the Eleventh Circuit emphasized two aspects of Florida robbery's force requirement: the force had to be sufficient to overcome a victim's resistance, and it had to be more than would be associated with a mere snatching. *Id.*

Alabama robbery shares both these features. All forms of Alabama robbery require "such force as is actually sufficient to overcome the victim's resistance."

*Casher v. State*, 469 So. 2d 679, 680 (Ala. Crim. App. 1985) (quoting 77 C.J.S. Robbery § 15 (1952)). Moreover, "mere snatching is not [Alabama] robbery unless there is some concurrent intimidation or violence." *Proctor v. State*, 391 So. 2d 1092, 1093 (Ala. Crim. App. 1980). *Accord Elston v. State*, 687 So. 2d 1239, 1242-43 (Ala. Crim. App. 1996) (distinguishing Alabama robbery from Georgia robbery because the latter can be accomplished by "sudden snatching").

Therefore, Boykin's Alabama second degree robbery offenses are violent felonies under the elements clause of the ACCA, regardless of whether they also would fall under the ACCA's now-void residual clause.

## III.    Conclusion

For the reasons stated above, Boykin's § 2255 motion is due to be dismissed as an improper successive petition. Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Boykin's claim does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Boykin's motion, it is due to be denied. A separate closing order will be entered.[4]

DONE AND ORDERED ON FEBRUARY 5, 2018.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

---

[4] Boykin filed a motion seeking to be released on bail during the pendency of this action. (Doc. 3.) The motion is hereby DENIED AS MOOT.